UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**  
**United States Magistrate Judge**

U.S. Post Office & Courthouse Bldg.
Federal Square, Newark, NJ  07101
(973) 645-6596

October 25, 2005

## LETTER OPINION

Tosin Adegbuji
438 Martin Glen Court
Lawrenceville, GA 30045

Susan K. O'Connor
Hoagland, Longo, Moran, Dunst & Doukas, Esqs.
40 Paterson Street
PO Box 480
New Brunswick, NJ 08903

Craig L. Corson
Hoagland, Longo, Moran, Dunst & Doukas, Esqs.
40 Paterson Street
New Brunswick, NJ 08903

Clark W. Convery, Esq.
Convery, Convery & Shihar
32 South Main Street
Edison, NJ 08837

Susan P. Gilbert
Spadoro & Hilson
90 Woodbridge Center Drive
Suite 610
Woodbridge, NJ 07095

Lori A. Dvorak
Lynch, Keefe & Bartels, Esqs.
830 Broad Street
Shrewsbury, NJ 07702

RE:   Adegbuji v. County of Middlesex, et al.
       Civil No. 03-1757 (KSH)

Dear Litigants:

This matter is before the Court by way of plaintiff's motion for leave to file a Second Amended Complaint. For the reasons set forth below, the motion is denied.

## HISTORY & RELEVANT FACTS

On April 17, 2003, pro se plaintiff Tosin Adegbuji filed a complaint against multiple defendants alleging that he sustained back, head, and emotional injuries during an altercation with Middlesex County Adult Correction Center officers on March 25, 2003. (Compl., at 4.) He further alleges that he was denied adequate medical treatment for his injuries and subject to

1

disparate treatment in violation of his due process rights. (Id.)

On February 6, 2004, the plaintiff filed a motion to amend and supplement his pleadings, which the defendants opposed. The Court denied the plaintiff's motion without prejudice because the plaintiff failed to attach a proposed amended pleading to his motion as required by Local Civil Rule 7.1 (e)(2). (See Letter Order, dated March 8, 2004.) The Court directed the plaintiff that any subsequent motions to amend the Complaint must comply with the Local Rule and must be filed no later than April 16, 2004. (Id.)

On April 19, 2004, the plaintiff filed a procedurally sufficient motion for leave to file an Amended Complaint, which was granted on May 25, 2004. The Amended Complaint was filed on June 1, 2004. (See Amended Complaint, dated June 1, 2004.)

On July 12, 2004, plaintiff filed a motion for leave to file a Second Amended Complaint that stated it would include additional factual paragraphs and substitute specifically named defendants in place of defendants identified only as John and Jane Doe. (Motion for Leave to Amend the Complaint, dated July 12, 2004, at 1-2.) Before the motion was resolved, and at plaintiff's request, the entire case was administratively terminated. (See Order, dated Sept. 10, 2004.) Plaintiff's motion was deemed moot but could be renewed when the case became reactivated, provided that the plaintiff submitted a written request within seven days of the reactivation Order. (Order, dated September 14, 2004.)

This case was reactivated on September 20, 2005 and on September 29, 2005, plaintiff filed this application for leave to file a Second Amended Complaint.[1] (See Order, dated September 20, 2005.) Similar to plaintiff's July 12, 2004 application, this application seeks to substitute defendants identified as John and Jane Doe with the names of Officers Jerry Oldham, Kent Luck, and Robert Grover, Sergeant Frank Redding, and Dr. Angelique Colbert. (Plaintiff's Motion for Leave to Amend, dated September 29, 2005, at 3.) Like the July, 2004 motion, this application does not include a copy of the proposed amended complaint.

Because of this procedural defect, the defendants argue that the Court should deny plaintiff's motion. (See Letter Brief on Defendants Sgt. LaSalla and Sgt. Delgado ("Letter Brief of LaSalla"), dated Oct. 11, 2005, at 2; Letter Brief of Defendants Thomas Johnston, Anthony Russo, and Jay Botnick ("Letter Brief of Johnston"), dated Oct. 7, 2005, at 2; Cf. Letter Brief of Defendants Middlesex County, Middlesex County Adult Correction Center, Middlesex County Department of Corrections, Middlesex County Commissioner, Middlesex County Freeholders, Michael T. Abode, Edmond Cicchi, and Michael Esposito ("Letter Brief of Middlesex County"), dated Oct. 10, 2005, at 1.) In addition, defendants contend that they are prejudiced by the plaintiffs undue delay in pursing the amendment because the addition of new parties will prolong

---

[1]Although the plaintiff's application is dated September 23, 2005, (Plaintiff's Motion for Leave to Amend, dated Sept. 23, 2005), the docket indicates that it was not filed until September 29, 2005.

the litigation, require additional discovery, and increase costs.  (See Letter Brief of LaSalla, at 3; Letter Brief of Johnston, at 3-4; Letter Brief of Middlesex County, at 1.)

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides:
> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is permitted and the action is one which has not been placed upon the trial calendar, the party may so amend it any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  The Rule reflects the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Under Rule 15, however, the decision to permit amendment rests within the sound discretion of the Court.  See Foman, 371 U.S. at 182; Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981). Thus, a court should be mindful of procedural and substantive considerations.

One relevant procedural consideration is Local Civil Rule 7.1(e)(2), which requires that
> [u]pon filing of a motion for leave to file an amended complaint. . . the movant shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled.  If leave to file is granted, the movant shall file the original forthwith.

R. 7.1(e)(2).  With regard to substantive grounds to consider, the Supreme Court has stated that
> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'

Foman, 371 U.S. at 182.  In short, leave to amend may be denied for failure to append a proposed amended complaint, Gregory v. Admin. Office of the Courts of N.J., 168 F. Supp. 2d 319, 325 (D.N.J. 2001), or for (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, or (4) futility of amendment.  Foman, 371 U.S. at 182.  See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir.

2000).

      Here, the plaintiff's motion for leave to amend the complaint is procedurally deficient under Local Rule 7.1 (e)(2) because it is not accompanied by a proposed amended complaint. See L. Civ. R. 7.1(e)(2); Gregory, 168 F.Supp.2d at 325 (holding that Rule 7.1 (e)(2) requires that "a motion seeking leave to amend a complaint contain a copy of the proposed amended complaint").  Absent the pleading, the Court is unable to review the propriety of the amendment and the defendants cannot adequately respond.  This defect, therefore, cannot be overlooked.  Moreover, this is not the first time the plaintiff has submitted a defective motion to amend the Complaint.  The plaintiff's first motion to amend was denied because he failed to comply with Rule 7.1 (e)(2) and he was clearly advised of this requirement and the reason for it.  Although plaintiff was previously informed that any motion to amend the Complaint must be accompanied by a proposed amended complaint, he has failed, once again, to comply with this requirement.  Therefore, his motion is denied with prejudice because he has had notice of the rule, has failed to comply with it, and any subsequent efforts to cure the defect would be untimely under the Order dated September 14, 2004.

## **CONCLUSION**

      For these reasons, plaintiff's motion for leave to file a Second Amended Complaint is denied.

      SO ORDERED.

**/s/ Patty Shwartz**
**United States Magistrate Judge**