NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOSIN ADEGBUJI, | |
| Plaintiff, | Civil Action No. 03-cv-1757 (PGS) |
| V. | |
| MIDDLESEX COUNTY, et al., | OPINION |
| Defendants. | |

**SHERIDAN, U.S.D.J.**

Defendant Sergeant Vito LaSalla moves before the Court for reconsideration of its September 27, 2006 Order which dismissed counts 1, 3, 4, 5, 7, 8, 9, and 10 of plaintiff's Complaint in their entirety, and dismissed counts 2 and 6 in part. The portion of Count 6 which remains concerns retaliation allegations against Defendant LaSalla. Defendant argues that plaintiff's original Complaint was not filed until April 17, 2003. Therefore, the alleged retaliatory conduct by Defendant LaSalla, which is alleged in the Amended Complaint to have occurred on April 15, 2003 in response to the filing of the Complaint, would be a physical impossibility. The facts relevant to the motion for summary judgment and to Defendant LaSalla's present motion for reconsideration were recounted in the Court's September 27, 2006 Opinion ("Opinion"), *Adegbuji v. Middlesex County*, 2006 WL 2806289 (D.N.J.) (Sheridan), and there is no need to repeat them here.

I.

Under Rule 59 of the Federal Rules of Civil Procedure, a party must satisfy a high standard in order to have a judgement altered or amended. In *North River Insurance Co. v. CIGNA*

*Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995), the Court stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice. A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion...to alter or amend judgment." *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985).

Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered. *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999). However, in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Lite, *N.J. Federal Practice Rules*, Comment 6 to L. Civ. R. 7.1(g) (Gann 2002 ed.). Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey. *Compaction Sys. Corp.*, 88 F.Supp.2d at 345.

Relief by way of a motion for reconsideration is an "extraordinary remedy" only to be granted "very sparingly." *NL Indus. Inc. v. Commercial Union Ins.*, Co., 935 F.Supp. 513, 516 (D.N.J. 1996); *Maldonado v. Lucca*, 636 F.Supp. 621, 630 (D.N.J. 1986). Local Rule 7.1(g) does not contemplate a recapitulation of arguments previously considered by the court in rendering its decision. *Bermingham v. Sony Corp. of Am., Inc.*, 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). Stated more simply, a motion for reconsideration is not an appeal. It is improper for a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through-rightly

or wrongly." *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F.Supp. 1311, 1314 (D.N.J. 1990). Rule 7.1(g) permits reconsideration only when "dispositive factual matters or controlling decisions of law" that were previously presented to the court were overlooked. *Resorts Int'l v. Great Bay Hotel and Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992); *Khair v. Campbell Soup, Co.*, 893 F.Supp. 316, 337 (D.N.J. 1995).

II.

Defendant initially claims that the filing of the original Complaint and the date of the alleged retaliatory conduct for filing the Complaint do not correlate. Specifically, plaintiff's original Complaint was filed on the electronic federal docket sheet on April 17, 2003. In an Amended Complaint, filed on June 1, 2004, plaintiff alleges that on April 15, 2003, in retaliation for filing the Complaint, Defendant LaSalla handcuffed plaintiff and placed him in segregated, solitary confinement due to his refusal to attend mandated recreation from which plaintiff had been medically restricted, and thereafter denied plaintiff procedural due process in that plaintiff was not provided written notice of the charges, a written statement of the reasons for the disciplinary action, or an opportunity to call witnesses and present evidence in his defense.

In opposition to the motion for reconsideration, the plaintiff asserts the "prisoner mailbox rule" which recognizes that legal submissions filed by pro se parties are "filed" when they are given to prison officials. *Thomas v. Kyler*, 2004 WL 257391 (E.D.Pa. 2004) (Surrick); *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). While plaintiff does not specifically state when the Complaint was given to prison officials, the Court notes that the document was signed and dated April 15, 2003.

In response, defendant maintains that plaintiff's allegation "is not logical" and "for the plaintiff to argue that Sgt. LaSalla retaliated against something that had only been filed on the day

of the incident and had not yet been served lacks merit." See Defendant LaSalla's Reply Brief, Pg. 2. The Court disagrees.

The mere fact that the document was not served on Defendant LaSalla does not equate to him not having knowledge of the Complaint and its contents soon after the Complaint was handed to prison officials. Should it come to light that the document was given to prison officials in a sealed envelope and sent to the clerk's office for filing with no prison official having knowledge of its contents, such evidence would be convincing. However, defendant has not provided the Court with this information. More importantly, at no point in defendant's brief does defendant state that he was without knowledge of the allegations set forth in the Complaint prior to be formally served with the Summons and Complaint. Nor has defendant submitted an affidavit to this effect.

### III.

Defendant also claims that the Court failed to consider his defense of qualified immunity. The two prong test set forth in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) to determine if qualified immunity applies inquires (1) whether the facts, taken in the light most favorable to the plaintiff, demonstrate a constitutional violation; and (2) if so, whether the constitutional right in question was clearly established. *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir.2002) (citing *Saucier v. Katz*, 533 U.S. at 201, 121 S.Ct. 2151, 150 L.Ed.2d 272). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151. "If the officer's mistake as to what the law requires is reasonable," the officer is entitled to qualified immunity. *Id.* at 205.

In this case, the right implicated under the first prong of the *Saucier* test for qualified immunity is the First Amendment right of prisoners to petition the court. See *Milhouse v. Carlson*,

652 F.2d 371, 373-74 (3d Cir.1981). In *Milhouse*, the Third Circuit held that a prisoner alleging that he was subjected to a series of conspiratorially planned disciplinary actions in retaliation for filing a civil rights suit against prison officials stated a cause of action for infringement of the prisoner's First Amendment right. *Id.* Here, plaintiff's Complaint states a similar claim, and therefore meets the first part of the *Saucier* test by alleging a violation of a recognized constitutional right.

As to the second part of the *Saucier* inquiry, the *Milhouse* Court established a prisoner's right to access the courts so that a reasonable prison official would know that he violates this right if he retaliates against a prisoner for filing a lawsuit. *Atkinson v. Taylor*, 316 F.3d 257, 269 (3d Cir. 2003). "*Milhouse* clearly established that such retaliatory actions, if proven, are not legal. Thus, *Saucier*'s second prong is satisfied and [defendant] [is] not entitled to qualified immunity." *Atkinson v. Taylor*, 316 F.3d at 269.

Defendant LaSalla has failed to demonstrate to the Court that he was without knowledge of the allegations in the Complaint on April 15, 2003, nor has this defendant established an entitlement to qualified immunity so as to justify reconsideration. Defendant's motion for reconsideration is denied.

October 25, 2006

PETER G. SHERIDAN, U.S.D.J.